In the Matter of the Application of MARION L. THOMAS, as Chairman of the Democratic County Committee of Essex County, for an Order under Article 78 of the Civil Practice Act, Respondent, against WILLIS WELLS, Chairman, and Others, Constituting the Board of Supervisors of Essex County, Appellants.— Appeal from an order denying a motion made by the board of supervisors of Essex county to dismiss a petition asking for relief under article 78 of the Civil Practice Act presented by the chairman of the Democratic county committee. The petition asked for an order directing the board of supervisors to appoint James M. Lonergan, who had been certified by the Democratic county committee, to the office of commissioner of elections of Essex county. Motion to dismiss was denied upon the ground that the refusal to appoint Lonergan was arbitrary and capricious and that the former remedy of mandamus would apply. Order reversed and petition dismissed, with ten dollars costs and disbursements, upon the authority of *Matter of Kane* v. *Gaynor* (144 App. Div. 196; affd., 202 N. Y. 615). Motion to dismiss appeal denied. Hill, P. J., Crapser, Bliss and Foster JJ., concur; Schenck, J., dissents, with a memorandum. Schenck, J. (dissenting). I dissent and vote to affirm the order denying the motion for an order dismissing the petition in this proceeding. While it is well established that the appointive power of the board of supervisors when filling by appointment a vacancy in the board of elections is discretionary (*Matter of Kane* v. *Gaynor*, 144 App. Div. 196; affd. on opinion of Mr. Justice Burr, below, 202 N. Y. 615), it is clear that in the case at bar there was a clear abuse of discretion. The discretionary power of the board of supervisors to appoint or reject the person recommended by the county committee and the county chairman should be exercised fairly. In this case discretion has been exercised arbitrarily and capriciously. In *Matter of Kane* v. *Gaynor* (*supra*) the question determined was whether the board of supervisors was bound by the action of the county committee and it was held that the appointive

power was entirely discretionary. However, no question as to good faith was raised, nor was any claim made that the board failed to act fairly and impartially. The basis of this appeal is the claimed element of bad faith and from the record it appears that the board failed to justly determine the fitness and qualifications of the choice of the county committee and its chairman, and upon receipt of a favorable report and recommendation from a committee of its members duly appointed to report on such qualifications and fitness of the selectee of the county committee and its chairman, voted a refusal to make such appointment. Such act was a clear abuse of discretion and this appeal should be dismissed.